Keep v. Crawford.

## William B. Keep, Executor, etc., v. Henry Crawford.

1. CHANCERY PRACTICE—*On the Death of a Sole Complainant.*— The death of a sole complainant does not abate the suit, if the cause of action survives. The party to whom such cause of action survives by suggesting such death upon the record may be substituted as a party in the place of the deceased and the suit prosecuted as in other cases.

2. STATUTES—*When a Subsequent Act Repeals a Former One.*—A subsequent statute revising the whole subject-matter of a former act and intended as a substitute for it, although it contains no express words to that effect, operates as a repeal of the former act.

3. SAME—*Construction of the Act in Relation to the Abatement of Suits.*—The act to revise the law in relation to the abatement of suits is a revision of the subject-matter of abatement and chancery procedure and in case of the death of a party controls as to the matter of procedure.

4. SAME—*Construction of the Chancery Act and the Abatement Act.*—The chancery act and the abatement act are clearly repugnant in their provisions and the latter must prevail, as it repeals by implication the provisions of the chancery act so far as the abatement act provides for a different method of procedure in case of the death of a party pending the suit.

**Bill to Revive a Suit.**—Appeal from the Superior Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed January 7, 1901.

**Statement by the Court.**—Herbert C. Ayer, in his lifetime, began a suit in equity against appellee in the Circuit Court of Cook County for an accounting as trustee of said Ayer, asking a discovery and general relief. Service was had therein upon appellee, answer to the bill filed by him and replication thereto, after which the cause was referred to a master and some proceedings had before the master, but no report made. The cause was pending at the time of Mr. Ayer's death, which occurred in January, 1899, he leaving a will which was duly proven and admitted to probate in Cook county, Illinois, June 24, 1899, in which appellant was named as executor.

Appellant qualified as executor of said will, and as such filed his bill in said Circuit Court, September 7, 1899, in which he alleged the foregoing matters, that the pending suit had abated by Mr. Ayer's death, and the facts showing the nature of such trusteeship; prayed that appellee be made a party to the appellant's bill, for summons, answer, waiving oath, and that said suit by Ayer, " may stand revived and be in the same plight and condition as the same was at the time of the death of the said Herbert C. Ayer,"

and for general relief. Appellant's bill was subsequently amended by an allegation, viz.:

" That said will provides that complainant shall have and exercise the usual powers of executors, and shall collect and receive all the moneys and other assets and property of the said testator, shall pay the debts and liabilities of the testator out of the same and deliver the remainder to the legatees named in the will; all of which will more fully appear from said will, to which on the hearing hereof complainant will crave leave to refer."

Appellee demurred generally to the bill as amended, which demurrer the chancellor sustained, and dismissed the bill as amended, inserting, however, in the order of dismissal the following :

" Without prejudice to any rights of the complainant herein to file in the suit brought by him to be revived by the bill now under consideration any petition that may be proper suggesting the death of Herbert C. Ayer, and that the defendant have his costs herein and execution therefor."

From this decree the appeal herein is taken.

JAMES D. SPRINGER and HIRAM I. KECK, attorneys for appellant.

W. R. CRAWFORD and W. H. NAJDOWSKI, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

We think there was no error in the dismissal of appellant's bill.

Sec. 1, Par. 1, Ch. 22, p. 557, Starr & Curtis' Stat., provides :

" That the several Circuit Courts of this State and Superior Courts of Cook County, in all causes of which they may have jurisdiction as courts of chancery, shall have power to proceed therein according to the mode hereinafter prescribed; and where no provision is made by this act according to the general usage and practice of courts of equity."

Par. 10, Ch. 1, p. 254, Starr & Curtis' Stat. (which was

enacted subsequent to said Sec. 1, Par. 1, Ch. 22, *supra*), provides:

" When there is but one plaintiff, petitioner or complainant in an action, proceeding or complaint in law or equity, and he shall die before final judgment or decree, such action, proceeding or complaint shall not on that account abate, if the cause of action survived to the heir, devisee, executor or administrator of such decedent, but any of such to whom the cause of action shall survive may, by suggesting such death upon the record, be substituted as plaintiff, petitioner or complainant, and prosecute the same as in other cases."

Said Sec. 1 of Chap. 22, being the chancery act, was in force July 1, 1872, and said Sec. 10 of Chap. 1, being the abatement act, came in force July 1, 1874. The title of the latter act is, " An act to revise the law in relation to abatement." In our opinion it is a revision of the subject-matter of abatement and chancery procedure in case of death, and controls as to the method of procedure, it being the later enactment, as against the said section of the chancery act. Culver v. Nat. Bk., 64 Ill. 534; Andrews v. People, 75 Ill. 613; Devine v. Com'rs, etc., 84 Ill. 595; People v. Town of Thornton, 186 Ill. 162.

In the Culver case, *supra*, the court say:

" A subsequent statute revising the whole subject-matter of a former act and intended as a substitute for it, although it contains no express words to that effect, operates as a repeal of the former."

In the Devine case, *supra*, this principle is re-affirmed, and it was there held that an act entitled " An act to revise the law in relation to counties," which by no express words repealed a former act " regulating county affairs," that was limited in its effect to counties containing over 100,000 inhabitants, repealed such former act, there being a repugnance between the two acts.

In the Town of Thornton case, *supra*, the court say:

" Where the legislature frames a new statute upon a certain subject-matter, and the legislative intention appears from the latter statute to be to frame a new scheme in relation to such subject-matter and make a revision of the

Keep v. Crawford.

whole subject, there is in effect a legislative declaration that whatever is embraced in the new statute shall prevail, and that whatever is excluded is discarded.    The revision of the whole subject-matter by the new statute evidences an intention to substitute the provisions of the new law for the old law upon the subject."

The chancery act makes no provision for procedure in case of the death of a sole complainant, and therefore, under that act, such death would abate the suit until revived according to the usage and practice of courts of equity.

The abatement act says death shall not abate the suit and provides how it may proceed, namely, by suggesting the death upon the record and substituting the executor as complainant.

The two acts are, in our opinion, clearly repugnant in their provisions, and the latter must prevail, as it repeals by implication the chancery act in so far as the abatement act provides for a method of procedure different from that of the chancery act.

As we understand the argument of appellant's counsel, it is that as the chancery act is not expressly repealed by the abatement act, and as the former act permits courts of chancery to proceed according to the general usage and practice of courts of equity where no provision is made by that act for such procedure, therefore appellant's bill was proper to revive the suit which it is alleged abated by reason of the death of Mr. Ayer.

This contention is, we think, fully answered by the authorities above cited and what has been said.    But if we are wrong in this view, then it is our duty, the two statutes relating to the same subject-matter, namely, chancery procedure, to construe them *in pari materia*, so as to give them both their appropriate effect and operation. Hunt v. Chicago H. & D. Ry. Co., 121 Ill. 644; Village of Ridgway v. Gallatin Co., 181 Ill. 521.

So construed, the abatement act provides a method of procedure in chancery cases in case of death of a sole complainant that excludes from operation the general provision of the chancery act of usage and practice in courts of

equity, which that act says shall be the course when no provision is made by the act for the method of procedure. The usage and practice in courts of equity to give the abatement act effect, would then ;be left to operate only when no provision is made, in either of the acts, for the course of procedure.

As we have seen, the abatement act provides in express terms that the death of a sole complainant shall not, on that account, abate the suit. A bill of revivor is, for that reason, improper, and therefore demurrable.

Moreover, if it could be said that there was, under the authorities recited and relied upon by appellant's counsel, a technical error in sustaining the demurrer, it is error without prejudice, as by the order of dismissal the learned chancellor has in terms provided that it shall be without prejudice to any rights of the complainant to proceed in the original cause by any proper petition suggesting the death of Mr. Ayer. By such proceeding appellant may have every right which he could enforce by the present bill. A court of equity will never require the doing of a vain or useless thing.

The decree of the Circuit Court is therefore affirmed.